UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HARETHO OMAR,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECUIRTY,<br><br>                    Defendant. | CASE NO. 2:22-cv-01386-LK<br><br>ORDER REQUESTING SUPPLEMENTAL BRIEFING |

This matter comes before the Court on the parties' stipulated motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. No. 22. Plaintiff Haretho Omar seeks attorney's fees in the amount of $10,000, which the parties have stipulated to as reasonable attorney's fees in this matter. *Id.* at 1.

The EAJA provides that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 1

expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The parties have satisfied most of the requirements of 28 U.S.C. § 2412(d)(1)(B). The parties filed the instant motion on December 16, 2024, Dkt. No. 22, which was before the Court entered final judgment in this action but after the Court "substantially grant[ed Omar's] remedy" by vacating the Commissioner's decision to deny Omar's application for benefits. *Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986); *Dora R.S. v. O'Malley*, No. 23-cv-00636-AJB-SBC, 2024 WL 4439260, at *1 (S.D. Cal. Oct. 7, 2024); *see also Melkonyan v. Sullivan*, 501 U.S 89, 94–96 (1991); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). The Court also agrees, based on its review of the record, with the parties' stipulation that Omar was the prevailing party in this matter and that the Commissioner's position was not substantially justified. Dkt. No. 22 at 1.

The parties have not, however, included "an itemized statement from [Omar's] attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed" in this matter. 28 U.S.C. § 2412(d)(1)(B). Despite the Commissioner's stipulation that $10,000 is a reasonable fee award in this matter, the Court nonetheless has an independent duty to review the itemized statement submitted by the party seeking an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 436–37 (1983). The Court must ensure that rates charged by Omar's attorney are in accordance with the statutory maximum hourly rates permitted for work performed in the Ninth Circuit for any given year. U.S. Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates

ORDER REQUESTING SUPPLEMENTAL BRIEFING - 2

("Maximum Rate Table") (last visited January 7, 2025); *see also* 28 U.S.C. § 2412(d)(2)(A); Ninth Circuit Rule 39-1.6. The Court cannot discharge its duty, however, without the itemized statement required by Section 2412(d)(1)(B). *See, e.g.*, *Bradley V. v. Kijakazi*, No. 20-cv-1547-LL, 2021 WL 4554108, at *2–3 (S.D. Cal. Oct. 2, 2021) (granting stipulated fee award only after plaintiff submitted itemized statement required by statute and noting that "a stipulation merely means that the government has agreed to the fees" but does not necessarily "excuse[] the parties from the statutory obligations of the fee application"); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990) ("Eligibility for fees is established upon meeting the four conditions set out by the statute[.]").

Accordingly, the Court ORDERS Omar to submit supplemental briefing that includes an itemized statement from her attorney "stating the actual time expended and the rate at which fees and other expenses were computed" in this matter within 14 days of this Order. 28 U.S.C. § 2412(d)(1)(B). Failure to do so will result in denial of the parties' stipulated motion.

Dated this 7th day of January, 2025.

Lauren King
United States District Judge